Good morning. David Juiz on behalf of the petitioner and may I please the court. This petition is brought to this court on the basis that the petitioner believes or argues that a motion to reopen should not be based on an effective assistance of a council when the council was acting within the ordinary, customary, and standard practice of the law in the courts at the time. At the time. If there's. All right. So you have an in absentia removal order and you need to show extraordinary circumstances for the motion to reopen. And there's a statutory standard for that which doesn't apply. It hasn't been argued to apply. Illness, death in the family, things of that nature. But there's been a recognition of ineffective assistance of council as a means to establish extraordinary circumstances. But you're disavowing that before us. You're saying that there was no ineffective assistance of council here. Correct. The facts of this case was that there was an exceptional circumstance in the illness of council staff that miscalendered the event. You think that we should expand exceptional circumstances beyond what's been recognized and say it includes illness within council staff. That would be new. I mean, that's uncharted water, right? I mean, correct. So the judge ruled that he found that there was an exceptional circumstance in what happened with the illness, but that council was ineffective in the sense that he advised the respondent at the time that presence would be waived in court. And that's where the ineffective part is. Well, it seems like there were two parts. So the order for the hearing had in all caps that the respondents, now petitioners, were to appear in person. There was a provision for the presence of the minor to be waived and also provision for council to appear remotely. So there was that document that I believe council acknowledged they didn't read. They just assumed that there was a practice by which they could appear remotely and the petitioners themselves didn't have to appear. But then there's what you characterize as miscalendering, failing to calendar the hearing and appear, which seems to be yet another, at a minimum, mistake. And I think that what we're struggling with is there seems to be a pretty serious conflict of interest between council and the petitioners, and that petitioners could make a viable claim to reopen by asserting ineffective assistance of council, but council's refusing to acknowledge fault or ineffective assistance. And so your interests seem to be diverged at that point. That may be valid, Your Honor. But at the time, even though the notice of hearing did stay, presence was... Okay, but I'm going to push you more on this. So when you got the order from the immigration judge, it cited to Inrei Lozada and said, look, if you, it was kind of in my view, the I.J. saying, here you go, hint, hint. If you're trying to make an argument of ineffective assistance of council, you need to comply with Inrei Lozada. And you had time to do so. It was like 20 days out. You were within the 180-day period under the statute. So at that point, you could have advised your clients, seek other counsel and then argue ineffective assistance, which may have been against your interests. You didn't want to be reported to the bar. You didn't think what you had done amounted to ineffective assistance. But that seems directly in conflict with their interest in having their hearing reopened. Correct. And we did advise the respondent at the time that they had that opportunity. You told them specifically they could argue ineffective assistance and file a bar complaint against you and seek other counsel. Correct. Or have you continued, but have you acknowledged ineffective assistance? You told them that. That is a possibility and they could proceed in that manner. However, we argued that we don't believe it is because at that time, in 2023, all the courts were waiving the presence of the respondents at court if they were represented. It was just this one case, this one court who this judge actually started, he moved from detained docket to Santa Ana court at that time and it was not, no one was aware of his preferences. I'm sorry, counsel. That just doesn't excuse not appearing for a hearing. And miscalendering, as you characterize it, doesn't as well. I mean, that's a pretty garden variety mistake in a law firm. And you have backups and you make sure things are calendared and you're there. You're responsible for being there. You don't blame staff. You don't blame your clients. If you did not appear, that is squarely on the attorney. That's on you. And you need to own up and take responsibility for that. And you're not. Even standing before us today, you're still arguing that it was not ineffective assistance. What are we supposed to do with that? You have not made an argument before us of ineffective assistance of counsel or even an argument for how we could relax the requirements of René Lozada and grant this petition and remand for reopening. You haven't made those arguments to us. Why? Why have you not made those arguments? Because at that time, if we're acting as how we've acted with the courts, all the courts, all the judges, we're talking about more than 50 judges in Los Angeles. So I think what you're telling me is you just don't think that this was ineffective assistance. You think maybe it was a mistake, but it was okay? Well, so if we're acting with what has been accepted by all the courts at that time, then how is that an action that's objectionably deficient? Well, because you didn't read the court's order. Correct, but... And you made assumptions that were not true. I mean, that is... All the hearing notices come with either respondents' presence is in person or video. So, counsel, it seems to me that these are the kind of arguments that maybe you should have been making to the state bar, having your clients either file a bar complaint or writing a letter and informing the disciplinary authorities, this is what occurred. It wasn't intentional. It was a mistake under these circumstances, and perhaps the bar would have sided with you and excused you, but at the same time, you needed to be looking out for the interest of your clients, and their interest was in having that in absentia order overturned and having the hearing reopened, right? So that they could present their asylum claim. That was their interest, and by not doing that, even after being told by the IJ what to do and what the authority was, you have deprived them of the ability to have the case reopened. How is that not just a glaring and unwaverable conflict of interest between you and the clients? Well, if we've explained it to the client, we argued that it's our understanding that this was a customary practice. So we have no declaration from your clients, but you are telling us, as an officer of the court, an open court, that they were fully aware of this and agreed to proceed in this fashion? Correct, Your Honor. Based on your advice, your representation, that your conduct did not actually amount to an effective assistance to counsel. I don't, so, so, now you know. Is that right? You told them you don't think you committed ineffective assistance to counsel. Correct. We've made an error. It was our fault, but we don't believe it was a standard that it was ineffective assistance to counsel. And, honestly, there was, at that time, other cases that were affected the same way all reopened based on the same grounds. Now it just depends on judge by judge. So what if we were to tell you that we believe, or we conclude, that you're providing ineffective assistance now, before this court, that it's still not effective assistance for these clients? What do you think we should do with that? You know, so if that's, I mean, if that's the case, I mean, I can't, yeah, there's two parts, right? So it would be the error before and then now proceeding in this manner is what you're arguing that would be ineffective. And you probably have, you probably have a better grounds now stating that than, but I do believe that if all the hearing notices we were seeing at that time were stating, yes, presence is required, because at the time before that, she didn't have counsel. And then all the courts were accepting for respondents to appear and their presence waived once they appeared with counsel. They appeared diligently for three hearings before they retained you. Correct. Yes. So, and it was because they believed what we stated that, and honestly, we are still doing that today if we are aware of the judges. Now, there are judges that are changing and requiring and like what, there's one judge now that requires everybody for all masters to appear. Okay, so what you're circling back to is you don't believe there was ineffective assistance of counsel. You did not argue that before the agency and you're not arguing it to us now. Instead, you're arguing that we should find some other basis to decide that there are extraordinary circumstances and we could order reopening. That's what I'm arguing, yes, Your Honor. And then, you know, if after this hearing, they still have their claim for ineffective assistance of counsel, but at least, at least I did all I could to move this case forward and preserve the rights. Or you could accept to admit that your conduct could be considered ineffective assistance of counsel and comply with Lozano and Melgar. Yeah, there's many things that a law firm can do that would, I mean, there's boundless things you can do that would be ineffective assistance of counsel. But I don't believe that. But once that happens, you have to, you have to be a zealous advocate for your clients and protect their rights and their interests over your own. So once there's a mistake and you know that there's been a mistake, you have to seriously consider, can I still represent these people? Do we have a conflict of interest? Are their interests differing from mine in that they have a, they might have an argument if they file a bar complaint against me or if they allow me to continue, but I take the  I mean, if I comply with the Ninth Circuit and case law and the agency's case law about how you proceed when there's ineffective assistance. Right? That's correct. That's correct, Your Honor. However, that's if I believe that there was ineffective. So you didn't do that? No, no. Well, I advised them that there were two roads to go forward. One would be to seek other counsel and then also, and they didn't have to seek other counsel. I could have filed on my behalf saying that. So to be clear, you told them about N. Ray Lozada and that they could make an argument based on your mistake? Correct. We've taken you over time. Yeah. I wanted to ask you about your argument regarding totality of circumstances, because in your briefing, as you do here, you do not acknowledge ineffective assistance and we accept that, but you argue that the I.J. erred because he did not consider the totality of circumstances and had he done so, relief would have been granted. What are those circumstances that were overlooked? Sure. There was standard ordinary practice amongst the courts at the time. There was an illness that caused the miscalendering, well documented with the doctor's note stating the circumstances. So in the totality of the circumstances, there was several incidents that brought this to this point. All of which are things that you argue excuse the mistake from your office, correct? Correct. But sometimes the totality of circumstances may be that the Petitioner did not receive the notice. It was addressed, misaddressed, and they never received it, but you don't have those sorts of circumstances, right? They were served in person in court. They had the notice. They were served in person. They were aware. They asked about it, and we stated that. All the courts have been accepting it. So Judge King's question is about totality of the circumstances. Do you have anything else other than what you argue to excuse the mistake in your office? No, just the one issue was our failure to appear was based on the exceptional circumstance, but also the fact that the customary practice of the courts, all those factors put together. I also just want to confirm, Counsel, you were talking about In re Malgar, and you are aware, I just want to confirm, you were aware at the time that you could have complied, you were expected to comply, even continuing to represent the Petitioner with Lozada. You could have filed notice yourself to the bar of your error, yes? I could have. If I believed... If I believed... I understand you argue you had good intent and that it was an innocent mistake, but it was a mistake, correct, to tell them they didn't need to appear without reading the order to not calendar the hearing properly. Two mistakes. It's a mistake, but it wasn't... The problem was that all... I understand, but you acknowledge that those were serious errors that caused the in absentia removal order. Well, I acknowledge that there was an error, however, do I acknowledge that it was to the level of ineffectiveness of the counsel? No. So how do you argue, what do you think that the agency did that was an abuse of discretion? Because that's the standard we're applying. So what was an abuse of discretion here? Abuse of discretion is not looking at the totality of circumstances, all the factors that went into it, and acknowledging that the agency, the board, the courts have been allowing a very loose interpretation of what is expected with the courts. And it still goes on to this day. All right. Thank you. You went over, we took you over time, and did you request to reserve time for rebuttal? I did, but I don't need it, Your Honor. I think we're over. I understand. Okay. After the government's argument, if you want a couple minutes, I will allow it. Absolutely, Your Honor. Thank you. Good morning, Your Honors, and may it please the court. Stephanie Groff on behalf of the Attorney General. Your Honors, the board did not abuse its discretion here in denying petitioner's motion to reopen their in absentia removal proceedings. Now, let me just clarify a few things. While my friend on the other side notes that it was customary practice at the time that the waiver of petitioner's appearance was common, none of that is in the record, and unsupported counsel's statements both before this court in argument and in brief and before the board and the immigration judge are not enough to prove that. There's no evidence. Specifically, the last notice of hearing, as Judge Sung mentioned, they appeared at multiple hearings. They received notice. They were diligent. The last notice of hearing specifically states on AR-133 that respondents, which is what they referred to at this manner, shall appear in person, that the presence of the minor is waived, their counsel may appear by WebEx. At no point does it say that if they obtain counsel, they don't have to appear. None of that is missing. It sounds that you are arguing that there was ineffective assistance from the petitioner's counsel, but they didn't make that argument. So, what is the government's position? What should we do with that? Yes, Your Honor. While my brief was not necessarily clear, I'm happy to clarify right now. The government takes the position that it's unclear, based on what we have, because there is no affidavit from petitioner, that the reason they chose not to come to court despite notice, we don't know if that was based on the attorney. If there was an affidavit, then we could. If we take what counsel is stating, that he told them not to, then yes, we acknowledge that, but this court can find in the first instance that there is ineffective as it relates to the in absentia. I will note that there are other options for petitioners here that have been available at all times. While motions to reopen are number and time barred, if they were to obtain a different counsel, or even the current counsel, they can file a motion to reopen again, this time it would be with the board, to state and make this argument that they received ineffective assistance of counsel. They would have to overcome various burdens as it's delayed, but it's not for this court to find ineffective assistance as it relates. What do you do with our precedent saying that it is an abuse of discretion for the board to strictly enforce Lozada, where there is other affidavits, declarations from counsel that serve the same purpose as the affidavit, and as you acknowledged, petitioners appeared at every hearing until they were misadvised by counsel, until they received ineffective assistance. So why, under our case law, was it not an abuse of discretion for the board to say that was substantial compliance? Sure, Your Honor. It was not an abuse of discretion because the board was taking what they had before them, which was just the attorney's statement, no affidavit, and they were stating that we don't know what the cause is. This court's case law and the board's case law says that for exceptional circumstances, even outside of the ineffective assistance of counsel claim, you need to show that causation, the because of. We don't have that here. It's not that they didn't file a bar complaint. In Rojas Garcia, we said a declaration from counsel was good enough. And it was an abuse of discretion for the board not to find substantial compliance with  So how do you distinguish that case? In that case, specifically stating that it was enough, but here, the affidavit, it does not show enough. All it says is... Wait a minute. What's the difference? The declaration in the other case, counsel took responsibility. So that's a huge difference between this case and that case. And I don't know of a case. We didn't cite it in the focus order. We've searched for it. A single case where we've said the board abuses its discretion by waiving the requirements of Lozada when there's been no argument or acknowledgement by counsel of the ineffective assistance. Yes, Your Honor. Thank you for pointing that out. And that's exactly it. The immigration judge and the board only addressed ineffective assistance of counsel on their own because at every stage, even right now, they have argued that there's no ineffective assistance of counsel. So that's... So why isn't that just evidence that the board and the IJ itself knew from the facts that this was... It was so obvious that this was ineffective assistance of counsel, they brought it up themselves. Your Honor, we still argue that's not an abuse of discretion because all we have in this affidavit is we told them not to go. We have no affidavit from them explaining their attorney told them not to go. We... They have no affidavit explaining that before every other hearing they were told to be in person and that there are consequences for their failure to appear. We have nothing to tie it other than his one statement that we told them not to go. And that causation, that's what's really missing, whether it's under the ineffective assistance of counsel umbrella or the under umbrella. But you're taking that... I mean, they appeared three times. They get counsel and they don't appear. And counsel says in a sworn declaration, I told them not to come. Why isn't that enough? Under our case law, which says when counsel themselves files a declaration, yes, he hasn't labeled it ineffective assistance, but he is accepting, he is stating in a sworn declaration submitted to the agency, I told them not to come. And then I didn't show up. Two errors that obviously show ineffective assistance of counsel regardless of the fact that he's not willing to label it as such. So obvious that the IAJ itself says, what about ineffective assistance of counsel? The BIA itself says, what about ineffective assistance of counsel? Why isn't... How is that meaningfully distinguishable from Rojas Garcia? It's meaningfully distinguishable. And we argue here that there's no abuse of discretion because, again, they have not shown that at bottom, the reason why they did not appear. We have what the attorney said that I told them not to appear. There are medical staff issues at other, but we have not heard from them. It is not... And while this court has various... Rojas Garcia said we don't need their own affidavit when counsel says, I did it. Respectfully, in either the exceptional circumstances or ineffective assistance of counsel, it's still their burden. What we have here is the agency looked at everything as a whole and determined that it is not enough. And I understand both sides, Your Honor, and you say and you've noted and I've noted that they appeared at various hearings. So it does seem that based on being told, they didn't come. But the way the agency looked at it, and that's not an abuse of discretion, is they had this notice. They were aware of the consequences, and they did not show. So at bottom, because they... And what they didn't do... It doesn't say that. They didn't submit a declaration, and there's no explanation for that, right? There is none. I mean, he has contact. It's not like there are clients he can't find. They could submit a declaration. It was easy to do. They didn't. So they provided no sworn statements as to why they didn't appear, and they did not try to comply with In re Lazada. Our case law that excuses In re Lazada is when the attorney has taken the blame and self-reported themselves to the bar or there's a report to a bar. That didn't happen here. So then you have all of the policy concerns about collusion between the petitioners and the attorney, which can be obviated if the attorney is willing to expose themselves to the liability of malpractice and also to discipline from the bar. But that didn't happen, and those are key components of our case law. So you were advised to read those cases. You need to be prepared to come and make those arguments for your client. Yes, Your Honor. I'm sorry. Let me just clarify Rojas Garcia. I was not properly looking at my notes. But under that, when it talks about substantial compliance, what it specifically states is that Lazada is intended to ensure that the factual basis exists for the record of ineffective assistance of counsel and that it's legitimate and substantial. So in Rojas, it does state that there doesn't need to be substantial compliance. What I'm arguing here, and sorry if that was not clear, is there's no compliance at all. This isn't substantial. Yes, there's this affidavit, but they aren't asking for IAC. This court can, in the first instance, state that it is ineffective assistance of counsel. And the whole point of Rojas specifically, while it talks about prejudice and that's not an issue, is all about what this is for, what Lazada is supposed to protect. It is supposed to protect them, supposed to protect the petitioners. And what we have here is they've not adequately addressed Lazada. They've made excuses. But what the agency didn't err in finding that even looking at IAC, that they did not meet their burden of proof. Well, can you go back to you said at the beginning of your remarks that they still have some avenue of relief. So they could retain different counsel and file a motion to reopen again, is what you're saying, even though it's beyond the time? You said it's time and number barred. It is time and number barred, but that does not stop petitioners from still having that. I will note in terms of relief, this... What case law are you relying on from the agency where they would consider another motion to reopen? I don't have it off the top of my head, but I do know from... You didn't just say it was time and number barred because this counsel already filed a motion to reopen. Well, again, it's a case-by-case scenario. So the agency would need to look at it in the first instance. And there are many cases where they acknowledge it may be time barred, but they could establish equitable tolling, number barred. There are excuses for that. But all of this is outside of what we have here. What we have here is a counsel that has repeated... You're making the argument that they're not... They could still pursue it. As an option, but it's... I was not making the argument that this court should remand for that. Would their option be to seek sua sponte reopening? Is that what you're suggesting? Because you said it would have to be before the BIA, not before the IJ. Well, because the board was the last agency to deal with it. They did ask for sua sponte here, but this court can't look at that finding because... Does the time and number bar apply to a request for sua sponte reopening? No, Your Honor. And I also just... Let me clarify and point out to some of the other cases. In Carrera Rivera that this court pointed us to, it specifically held in there that... And in that case, they found that it was clear that it was ineffective assistance to counsel. But this court stated that it's important to look to see whose fault was it. And in that case, nobody questioned the fact that it was Petitioner's counsel that was at fault. I would say the difference here is we are arguing that it's unclear who is at fault. Taking just what he states in the declaration, we still have not heard from Petitioners. We do not know why they chose not to come. We have the evidence that they were told their notice to appear, told in their notice of hearing to appear. Also, in terms of... Plus the fact that they appeared three times previously. Yes, Your Honor. And so this court can consider it. And then in matter of Melgar, I'll note that that is a more recent board decision that specifically addresses a self-reporting concept. I understand why Petitioner's counsel may be afraid or hesitant to file a complaint, but this court and the board has various case law where Petitioner's counsel themselves acknowledge it, take the steps, and while substantial compliance is all this court needs, it doesn't need to be strict with Lozada. Here, we have nothing with Lozada. We have no idea what their extent of their agreement was. Specifically, they only obtained counsel a few weeks before the hearing. We have no idea what they were told other than what counsel says, and that's what the board looked at, and we would argue that there's no abuse of discretion. Counsel, your opponent argues that the board should have looked at the totality of circumstances. The IJ should have considered that and set forth the findings. Can the IJ be faulted by this court for failing to specify the totality of circumstances that caused the decision it rendered? Your Honor, we would argue that the agency here did look at the totality while not specifically stating it. The way I interpreted Petitioner's argument is looking to the totality to see that it should not have been denied, and to the extent that's challenging the sua sponte finding of the agency, that's not a legal error. That's not a constitutional claim, so we'd argue that this court can't look at it. I'll also note that prejudice isn't an issue. Many of the cases you cited in the order do address prejudice, but this court has held and the board has held that prejudice isn't an issue when we're dealing with timely in absentia orders of removal. I will note, though, if you permit me, that if we were to even close our eyes to prejudice or all of this, the only form of relief, other than potentially another motion to reopen, was asylum, and there was hardly any evidence submitted, and it seems that it was based on fear of gangs, which this court has held many times, is not enough. I thank you so much for your time, unless you have any other questions. Thank you. Counsel, did you wish to do any rebuttal? I don't know if you have questions for me. I don't have any rebuttal. I don't think so. I think you're wise not to come back to the podium because this has been a fairly hot bench, I would say. Counsel, thank you both for your arguments this morning. I understand this is a difficult case for you, and we appreciate your presentation and that you were here for us this morning. And this case is submitted, and we are in recess until tomorrow morning. All rise. This court for this session stands adjourned.
judges: BADE, SUNG, Kane